IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD LICKMAN, an individual;
LISA LICKMAN, an individual; QUINN
LICKMAN, an individual; SDL
CONSTRUCTION CORP., a
Delaware Corporation; and
THE HARRIMAN CORP., a
Delaware Corporation,

          Plaintiffs

v.

ROBERT RIVKIN, an individual; and
GERALD S. JACOBS, an individual,
and collectively as an Association In
Fact; RAUSCH CREEK DEVELOPMENT,
L.L.C., a Pennsylvania Limited Liability
Company; RAUSCH CREEK LAND, L.P.,
a Pennsylvania Limited Partnership; RCL
HOLDING, LTD., an Ohio Limited
Liability Company; and RCL CAPITAL
LTD., an Ohio Limited Liability Company,

          Defendants

No. 3:05cv1793

(Judge Munley)

## MEMORANDUM

Before the court for disposition is the plaintiffs' motion for reconsideration of our order dismissing their complaint. The matter has been fully briefed and is ripe for disposition.

**Background**[1]

Plaintiffs in the instant action are SDL Construction Corporation, Harriman Corporation, Ronald Lickman, Lisa Lickman and Quinn Lickman, (hereinafter for purposes of clarity we will refer to these individual plaintiffs as "Ronald," "Lisa," and "Quinn," respectively, when we need to discuss them separately). Lisa owns the two corporate plaintiffs.

The defendants are Robert Rivkin, Gerald Jacobs, Rausch Creek Development, L.L.C., (hereinafter "Development"), Rausch Creek Land L.P.,

---

[1] These are the background facts as we recited them in our original opinion. They are derived from the plaintiffs' complaint.

(hereinafter "RC Land"), RCL Holding, LTD., (hereinafter "Holding"), and RCL Capital (hereinafter "Capital").

Defendant RC Land is a limited partnership. Its general partner is Defendant Holding, which is owned by Defendant Jacobs. The limited partners are the individual plaintiffs and Defendant Rivkin.

RC Land owns parcels of 14,000 acres of real estate in Schuylkill County that will be valued at 25 million dollars once it is developed. RC Land managed the commercial and economic development of this property. RC Land employed both Lisa and Quinn. Pursuant to the partnership agreement, Ronald, while not an employee, was guaranteed a yearly partnership distribution of $100,000.00.

Plaintiffs assert that Defendants Jacobs and Rivkin entered into a scheme to defraud the plaintiffs and wrongfully obtain the Lickmans' ownership interest in RC Land. They assert that the defendants wrongfully terminated Lisa's and Quinn's employment and fraudulently and wrongfully convinced the Lickmans to invest $390,000.00 in RC Land. They also assert that defendants abrogated Ronald's partnership agreement and breached their fiduciary duties to Ronald, Lisa and Quinn.

Accordingly, plaintiffs filed the instant complaint seeking compensatory and punitive damages, temporary and permanent injunctive relief, attorneys fees and other equitable relief.

Count I and II of the complaint allege a RICO cause of action and a RICO conspiracy. The remaining sixteen counts allege state law causes of action.[2]

---

[2]The plaintiffs' state law claims include: fraudulent inducement, breach of Quinn's employment contract and partnership agreement, breach of Lisa's employment agreement and partnership agreement, breach of Ronald's partnership agreement, conversion of property, unjust enrichment, promissory estoppel, writ of replevin, defamation, breach of fiduciary duty, breach of

2

We granted defendants' motions to dismiss the RICO-related causes of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the plaintiffs' have moved for reconsideration of that decision bringing the case to its present posture.

**Standard of review**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993).

**Jurisdiction**

As this case is brought pursuant to the federal RICO statute, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

---

partnership agreement, intentional interference with business relationships and prospective contractual relations, civil conspiracy, appointment of a receiver and request for an accounting. (Compl. Cts. 3-18).

**Discussion**

RICO makes it a crime "to conduct" an "enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962. A plaintiff must plead the following to assert a proper RICO violation: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). The phrase "racketeering activity" is defined in terms of activity that violates other laws, including more than fifty (50) specifically mentioned federal statutes, which forbid, for example, murder-for-hire, extortion, and various kinds of fraud. See 18 U.S.C. § 1961(1); Klehr v. A.O. Smith Corp., 521 U.S. 179, 183 (1997). Although, RICO is generally criminal in nature, it also provides for civil remedies. As to a civil RICO action, "[a]ny person injured in his business or property by reason of a" RICO violation may recover, *inter alia*, treble damages. 18 U.S.C. § 1964(c). Plaintiffs have brought such a RICO civil action.

In the motion to dismiss the defendants raised four claims attacking the plaintiff's RICO action. The claims were: 1) plaintiffs lack standing to bring a RICO cause of action; 2) plaintiffs have failed to allege the required continuity; 3) plaintiffs have failed to allege that the enterprise and racketeering activity are separate and distinct; and 4) plaintiffs have failed to allege fraud with the required particularity. In our decision on the motion to dismiss we found that the plaintiffs had failed to allege the requisite continuity. We denied the motion to dismiss on all the other grounds.

To maintain a RICO action, a plaintiff must demonstrate "a pattern of racketeering activity." 18 U.S.C. § 1961(5). A "pattern" must consist of at least two instances of racketeering activity. Id. These acts are referred to as predicate acts. The relevant predicate acts at issue in the instant case are wire

and mail fraud. 18 U.S.C. § 1341, 1343. The United States Supreme Court has held that the predicate acts must be "related" and "pose a threat of continued criminal activity." H.J. Inc. v. Northwestern Tele. Co., 492 U.S. 229, 239 (1989).

In our decision, we found that the plaintiffs could not meet the "continuity" requirement.[3] Continuity is "both a closed- and open-ended concept, referring either to a closed period of repeated conducted, or to past conduct that by its nature projects into the future with a threat of repetition." Id. at 241. We will discuss both types of continuity as the plaintiffs seek to have us reconsider both.

## A. Closed-ended continuity

A close-ended scheme is established by demonstrating a series of related predicate acts lasting a "substantial period of time." Id. at 242. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement. Congress was concerned in RICO with long-term criminal conduct." Id. The Third Circuit Court of Appeals has held that "twelve months is not a substantial period of time." Hughes v. Consol-Pennsylvania Coal Co., 945 F.2d 594, 611 (3d Cir. 1991). In so holding the court noted: "[C]ases finding substantial period. . . dealt with fraudulent conduct lasting years, sometimes over a decade. Such findings of substantial time periods are consistent with Congress' intent to combat long-term criminal conduct." Id. (internal quotation marks omitted).

In the instant case, the plaintiffs allege that Rivkin and Jacobs embarked on their scheme on a date prior to February 15, 2005. (Amended Compl. ¶ 33). The plaintiffs filed the instant complaint in December 2005, approximately nine

---

[3]As the parties raise no arguments with regard to the "relatedness" requirement, we will assume for purposes of this motion that this element has been met.

and one half months later. The Third Circuit Court of Appeals has held that conduct lasting for no more than twelve (12) months does not satisfy close-ended continuity. Tabas v. Tabas, 47 F.3d 1280, 1293 (3d Cir. 1995). Accordingly, the scheme alleged by the plaintiffs', lasting at most nine and a half months, is not lengthy enough to satisfy the requirements of close-ended continuity.

In the original briefing on the motion to dismiss the plaintiffs made absolutely no argument with regard to close-ended continuity. In the brief in support of their motion for reconsideration, they assert that newly discovered evidence indicates that several of the defendants were engaged in a scheme to defraud a creditor - the "Langan Scheme" - as far back as October 2003. In their brief, the plaintiffs admit, however, that this "Langan Scheme" is separate from the scheme alleged in the complaint.[4] (Pl. Br. at 9). Plaintiffs claim, however, that the Langan scheme is related to the scheme to obtain control of the property. We are unconvinced. Plaintiffs have not explained how this alleged scheme to defraud a creditor aided the defendants in any way in their alleged scheme to obtain the property at issue. Thus, we will not grant reconsideration based on this ground.

### B. Open-ended continuity

Open-ended continuity occurs where past conduct projects into the future by its very nature with a threat of repetition. H.J. Inc., 492 U.S. at 242. In our original opinion, to decide the issue of open-ended continuity, we scrutinized the complaint's allegations. The plaintiffs' allege that the defendants' engaged in a

---

[4] Defendants make a compelling argument that this evidence is in fact not newly discovered. For purposes of this motion, however, we will assume that the evidence is newly discovered.

6

scheme to "defraud and wrongfully obtain the Lickmans' ownership interest in Rausch Creek Land, L.P. and, through Rausch Creek Land, L.P., complete ownership of a certain parcel of property in Schuylkill County, Pennsylvania . . . the value of which is estimated to exceed Twenty-five Million Dollars ($25,000,000.00)." (Amended Complaint ¶ 1, 33, 41).

We thus found that the plaintiffs alleged a one time racket to obtain a specific bounty. The material allegations of the complaint reveal that the scheme at issue is very narrowly defined by the plaintiffs themselves. Its singular aim is to obtain the plaintiffs' ownership interest in RC Land. We thus found that open-ended continuity did not exist.

The bulk of plaintiff's brief is merely an attempt to have the court rethink its decision on this issue. As noted above, such an attempt is not proper for a motion for reconsideration.

Plaintiff's do raise a new argument, that is that the "newly discovered" evidence of the "Langan Scheme" indicates that the defendants fraudulent activities are likely to continue. We disagree. Even if we examine these allegations in the light most favorable to the plaintiffs, the fact that the defendants defrauded a creditor in 2003 does not indicate that they are likely to engage in real estate fraud in the future.

Plaintiffs also assert that the defendants should be deemed to not oppose the motion for reconsideration as their briefs were untimely. We disagree. Plaintiffs filed their brief on July 20, 2006. Defendants had fifteen (15) days from that date to file their brief. In addition, the Federal Rules of Civil Procedure mandate that we add three (3) days to this limit for service. FED.R.CIV.PRO. 6(e). Accordingly, the defendants had eighteen (18) days from July 20, 2006 to file their brief. The briefs was filed on the eighteenth day, August 7, 2006; therefore,

7

they were timely.

Further, for the reasons set forth in our original opinion, we find it inappropriate to allow the plaintiff to amend the complaint to cure its deficiencies. As noted in our original opinion, to cure the complaint's deficiency, an amended complaint would have to define the scheme in a different manner from how the current amended complaint defines it. Such an amendment would be stating a completely different case, not merely amending the current one. Accordingly, the plaintiffs' motion for reconsideration will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD LICKMAN, an individual;
LISA LICKMAN, an individual; QUINN
LICKMAN, an individual; SDL
CONSTRUCTION CORP., a
Delaware Corporation; and
THE HARRIMAN CORP., a
Delaware Corporation,
:   No. 3:05cv1793
:
:   (Judge Munley)

Plaintiffs

v.

ROBERT RIVKIN, an individual; and
GERALD S. JACOBS, an individual,
and collectively as an Association In
Fact; RAUSCH CREEK DEVELOPMENT,
L.L.C., a Pennsylvania Limited Liability
Company; RAUSCH CREEK LAND, L.P.,
a Pennsylvania Limited Partnership; RCL
HOLDING, LTD., an Ohio Limited
Liability Company; and RCL CAPITAL
LTD., an Ohio Limited Liability Company,

Defendants

## ORDER

**AND NOW**, to wit, this 24th day of January 2007, the plaintiffs' motion for reconsideration (Doc. 48) is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley

JUDGE JAMES M. MUNLEY
United States District Court